UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DANIEL FERRA JIMENEZ,

     Petitioner,

    v.                                     Case No.:  2:26-cv-01379-SPC-NPM

WARDEN, FLORIDA SOFT SIDE
SOUTH *et al*,

     Respondents,

_____/

## OPINION AND ORDER

Before the Court are petitioner Daniel Ferra Jimenez's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 5).

Ferra Jimenez is a native of Cuba who was paroled into the United States in 2013.  He was denied lawful permanent residence in 2019.  Ferra Jimenez was arrested for armed robbery and drug possession on September 29, 2024.  Immigration and Customs Enforcement ("ICE") issued a notice to appear and an immigration detainer the next day.  An immigration judge ordered Ferra Jimenez removed on April 26, 2026, and Ferra Jimenez waived appeal.  He now challenges the lawfulness of his continued detention.

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)).  The government must detain the noncitizen during the 90-day removal period,

which begins when the removal order becomes administratively final.  *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas v. Davis*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute."  533 U.S. 678, 700-01 (2001).  If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699.  The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]."  *Id* at 701.  So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days.  *Id.*  Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

Here, the 6-month period commenced when the removal order became administratively final on April 26, 2026.  Thus, Ferra Jimenez's detention is presumptively reasonable.

Accordingly, it is hereby

**ORDERED:**

Daniel Ferra Jimenez's Petition for Writ of Habeas Corpus (Doc. 1) is

**DENIED**.  The Clerk is **DIRECTED** to terminate any pending motions and

deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on May 13, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record